# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RHONDA JEAN DAVIS,**           ) | |
|                                                          ) | |
| **Plaintiff,**   ) | |
|                                                          ) | CIVIL ACTION |
| v.                                                     ) | |
|                                                          ) | No. 13-2304-JWL |
| **CAROLYN W. COLVIN,**           ) | |
| **Acting Commissioner of Social Security,**   ) | |
|                                                          ) | |
| **Defendant.**   ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding error in the Commissioner's failure either to develop the record regarding diffusing capacity or to explain why further development is not necessary, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.**     **Background**

Plaintiff applied for SSD and SSI, alleging disability beginning August 18, 2005. (R. 20, 153-63).  Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the decision denying benefits.  She claims the Administrative Law Judge (ALJ) failed to develop the record regarding diffusing capacity of the lungs for carbon monoxide (DLCO or diffusing capacity); erred in weighing the medical opinions of record and in evaluating the credibility of allegations of disabling symptoms; did not comply with the requirements of Social Security Ruling (SSR) 96-8p in assessing residual functional capacity (RFC); and did not provide a proper step-four analysis.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors

Case 2:13-cv-02304-JWL   Document 25   Filed 10/16/14   Page 4 of 9

of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ failed to either develop the record regarding diffusing capacity or to explain why further development is not necessary. Because a proper development of the record may affect the evaluation of the medical opinions and the credibility determination, the court will not attempt to address Plaintiff's remaining arguments here. She may make such arguments to the Commissioner on remand.

## III.   Duty to Develop the Record

Plaintiff points out that the ALJ found that Plaintiff has "pulmonary insufficiency," and that the Listing of Impairments recognizes three types of pulmonary insufficiency; chronic obstructive pulmonary disease (COPD), chronic restrictive ventilatory disease, or chronic impairment of gas exchange. (Pl. Br. 22) (citing (R. 22) and 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.02(A, B, C)). She points out that the medical expert, Dr. Puestow, testified at the hearing that the record did not contain evidence of diffusing capacity

testing or of a fiber optic bronchoscopy, and that those tests would provide valuable information regarding Plaintiff's pulmonary insufficiency.  At the end of the hearing, Plaintiff asked the ALJ to obtain the two tests, and the ALJ denied the request for bronchoscopy, stating that it was invasive and had already been done, but he stated that he would take the request for a diffusing capacity test under advisement.  (R. 77).  Plaintiff argues that by failing to order the DCLO test and by not stating why he refused to do so, the ALJ failed in his duty to develop the record.  (Pl. Br. 23).  The Commissioner argues that it is the ALJ's duty to inform himself of the facts relevant to the decision and to learn Plaintiff's version of the facts, and that he did so in this case.  She argues that the ALJ is not required to order such tests before making a decision, and that "[t]here was sufficient evidence in the record for the ALJ to make a determination of Plaintiff's disability, and he did so here."  (Comm'r Br. 9).  In reply, Plaintiff argues that the regulations require that a DLCO should be purchased in a case where there is evidence of chronic pulmonary insufficiency but the existing evidence is not adequate to establish the level of functional impairment.  (Reply 7).

### A.     Standard for Evaluating the ALJ's Duty to Develop the Record

The Commissioner "has broad latitude in ordering consultative examinations." Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997).

> [But, t]he ALJ has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.  This is true despite the presence of counsel, although the duty is heightened when the claimant is unrepresented.  The duty is

5

> one of inquiry, ensuring that the ALJ is informed about facts
> relevant to his decision and learns the claimant's own version
> of those facts.

Henrie v. U.S. Dep't of Health & Human Servs., 13 F.3d 359, 360-61 (10th Cir. 1993) (citations, quotations, and brackets omitted). Further, under 20 C.F.R. § 404.1512(e), "[w]hen the evidence [the agency] receive[s] from [a claimant's] treating physician or psychologist or other medical source is inadequate for [the agency] to determine whether [the claimant is] disabled, [the agency] will need additional information to reach a determination or a decision."

Cowan v. Astrue, 552 F.3d 1182, 1187 (10th Cir. 2008).

> "Ordinarily, the claimant must in some fashion raise the issue sought to be
> developed which, on its face, must be substantial. Specifically, the claimant
> has the burden to make sure there is, in the record, evidence sufficient to
> suggest a reasonable possibility that a severe impairment exists." If []he
> does so, then the ALJ's duty to order a consultative examination arises.
> "Isolated and unsupported comments by the claimant are insufficient, by
> themselves, to raise the suspicion of the existence of a nonexertional
> impairment."

Flaherty v. Astrue, 515 F.3d 1067, 1071 (10th Cir. 2007) (quoting Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997)) (citations omitted).

### B.   Analysis

The ALJ did not send Plaintiff for a diffusing capacity test and he said nothing in the decision regarding Plaintiff's request for that test. But, he discussed some of Dr. Puestow's testimony regarding treatment and evaluation of Plaintiff's breathing difficulties:

> The objective clinical and diagnostic evidence does not support the
> claimant's allegations and, in fact, shows the claimant to be very close to
> normal. Dr. Puestow reviewed the medical record and testified that there
> was no objective evidence of chronic lung disease. Multiple spirometric

> studies from 2007 through the present all show normal FEV1 values. (Ex's 2F & 5F). Similarly, multiple room air oximetry studies show oxygen between 95-97%, which is normal as well. Dr. Puestow noted nothing more than "slightly abnormal" findings on two of three chest X-rays, the third of which was entirely normal. (Ex's 7F & 14F). No severe or even moderate interstitial changes are noted upon X-ray. (Ex. 7F). Physical examinations are largely normal with wheezing, coughing and decreased breathing sounds noted only intermittently. (Ex's 1F, 2F[).] Additionally, her symptoms respond positively to medication (e.g., Advair and Albuterol). (E.g., Ex's 2F/4 & 14F/2 (noting increased symptoms after being out of Advair and Spiriva "for 2 months")). At worst, her symptoms were only mild to moderate and she denied many symptoms. (Ex. 14F/2).
>
> The claimant coughed regularly during the hearing; however, Dr. Puestow explained there was no objective explanation for this symptom and she is not noted as coughing continuously in the record. Even assuming for the sake of argument that the claimant has undiagnosed emphysema, Dr. Puestow testified that repeated normal spirometry studies indicate the claimant's symptoms are far from listing level severity, and she is essentially "normal" by all objective measures. Dr. Puestow also testified that there are no objective findings of emphysema; he noted the lack of positive chest X-ray findings and objective examination findings.

(R. 24-25).

Notably missing from the ALJ's discussion is Dr. Pustow's testimony that a diffusing capacity test would be helpful, that some people with emphysema have a diffusing capacity which is "reduced out of proportion to the spirometry values," and that the record contains no diffusing capacity test. (R. 66-67). Dr. Pustow also testified that "there's listing level emphysema diagnosed by the DLCO." (R. 71).

As Plaintiff points out, the Listings include a pulmonary insufficiency Listing for chronic impairment of gas exchange based upon criteria evaluated pursuant to results of a DLCO test. 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 3.02(C)(1). The regulations state, "A

7

diffusing capacity of the lungs for carbon monoxide study should be purchased in cases in which there is documentation of chronic pulmonary disease, but the existing evidence, including properly performed spirometry, is not adequate to establish the level of functional impairment." 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 3.00(F)(1).

      Here, the ALJ found that Plaintiff has a severe medically determinable impairment of pulmonary insufficiency.  Moreover, he noted that properly performed spirometry and X-ray results do not show a level of functional impairment in this case.  The ALJ stated that the record evidence shows that Plaintiff "is very close to normal," but, he did not recognize Dr. Pustow's testimony that in some people with emphysema, diffusing capacity is reduced out of proportion to spirometry values, and that DLCO might in some cases show Listing-level emphysema.  Moreover, he did not address Plaintiff's request for a DLCO test, and did not acknowledge Dr. Pustow's testimony that such a test would be helpful in this case.  Thus, the record is missing any evidence of Plaintiff's diffusing capacity, and the decision is missing any discussion of whether Plaintiff has reduced diffusing capacity, whether her condition meets of equals Listing 3.02(C) based on reduced diffusing capacity, and what, if any, functional limitations Plaintiff has as a result of a reduced diffusing capacity.  This is error requiring remand for the Commissioner to either procure a diffusing capacity test or to explain why, in the circumstances of this case, such a test is unnecessary.

      As the Commissioner argues, there is no requirement to order tests merely "to explain Plaintiff's cough."  (Comm'r Br 9).  However, the test at issue is not merely to

explain Plaintiff's cough.  The regulations recognize that there may be cases where properly performed spirometry is inadequate to establish a claimant's level of functional impairment.  This appears to be such a case.  The Commissioner argues that there is sufficient evidence in the record for the ALJ to make a determination of Plaintiff's disability, but she does not explain how the questions noted above can be answered absent a diffusing capacity test.  The court does not hereby intend to imply that a diffusing capacity test must be performed, for it recognizes that there may be a medical or legal basis to demonstrate that such a test is not necessary in the particular facts and circumstances of this case.  However, if that is so, it is incumbent on the Commissioner to explain the basis for that finding.  Here, the possibility was not even addressed.  Remand is necessary.

**IT IS THEREFORE ORDERED** that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Dated this 16th day of October 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**